# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## ANTONIO J. BEASLEY, SR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 278920     Barry A. Steelman, Judge**

---

**No. E2011-00787-CCA-R3-PC - Filed August 19, 2011**

---

The Petitioner, Antonio J. Beasley, Sr., appeals the Hamilton County Criminal Court's dismissal of his petition for error coram nobis relief from his 1989 conviction for grand larceny and his 1990 convictions for possession of cocaine and attempted arson. He claims his convictions should be vacated because trial counsel and the trial court did not inform him that his convictions could be used to enhance future sentences, thus rendering his guilty pleas involuntary and unintelligent. The State has moved this court to dismiss the Petitioner's appeal as untimely, or, in the alternative, affirm the trial court by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The State's motion for a memorandum opinion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Antonio J. Beasley, Sr., Bruceton Mills, West Virginia, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; and William H. Cox, III, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The record reflects that on May 5, 1989, the Petitioner pled guilty to grand larceny and that on June 22, 1990, the Petitioner pled guilty to possession of cocaine and attempted arson. Nothing in the record indicates that the Petitioner appealed his convictions. The Petitioner filed a previous petition for writ of error coram nobis in 2007, and this court affirmed the trial court's summary dismissal of the writ because the 2007 petition was barred by Tennessee Code Annotated section 27-7-103 (2000) because it was untimely. See Antonio

J. Beasley, Sr. v. State, No. E2007-01795-CCA-R3-PC, Hamilton County (Tenn. Crim. App. Mar. 26, 2008). On January 26, 2011, the Petitioner filed the instant petition for writ of error coram nobis, which the trial court summarily dismissed after determining that the Petitioner failed to state a cognizable claim for relief. The trial court quoted this court's previous statement in Edward P. Porter v. State, No. M2008-00375-CCA-R3-CO, Davidson County, slip op. at 3-4 (Tenn. Crim. App. April 21, 2009):

> [The Petitioner] asserts that . . . his guilty plea entered in 1996 was not a knowing and voluntary plea . . . .
>
> . . .
>
> In summarily dismissing the petition, the trial court found that it was time-barred by the statute of limitations and that it failed to state a cognizable claim. After reviewing the record, we agree. None of the claims raised by the petitioner are the types which are proper for error coram nobis relief. The petitioner asserts no newly discovered evidence or facts not known to the trial court at the time of his plea. The only 'new' fact asserted by the petitioner is that his conviction was used to enhance a later federal sentence. Even if established . . . the alleged constitutional infirmities and rule violations existed at the time of the plea and would have more properly been challenged in a post-conviction or habeas corpus petition. The petitioner has offered no explanation for the nine-year lapse in his challenge of these issues. Thus, while due process may excuse an untimely filing, the petitioner has failed to establish his entitlement to such due process considerations on these facts.

This appeal followed.

With regard to the State's claim that the Petitioner's appeal should be dismissed because it was untimely, Rule 4 of the Tennessee Rules of Appellate Procedure requires a party to file a notice of appeal within thirty days "after the date of entry of the judgment appealed from." T.R.A.P. 4(a). The timely filing of a notice of appeal is not a prerequisite to the jurisdiction of this court. Id. In the interest of justice, we may waive the notice of appeal and proceed to analyze the issues raised by the parties. Although the Petitioner filed his notice of appeal on March 21, 2011, forty-six days after the trial court entered its judgment on February 3, 2011, we waive the pro se Petitioner's notice of appeal.

2

Tennessee Code Annotated section 40-26-105(b) states:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

T.C.A. § 40-26-105(b) (2010); see State v. Hart, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). The decision to grant or deny such a writ rests within the sound discretion of the trial court. Harris v. State, 301 S.W.3d 141, 144 (Tenn. 2010). A petition for writ of error coram nobis must be filed within one year of the date the judgment becomes final in the trial court. T.C.A. § 27-7-103; State v. Mixon, 983 S.W.2d 661, 663 (Tenn. 1999); State v. Ratliff, 71 S.W.3d 291, 295 (Tenn. Crim. App. 2001). Despite the one-year statute of limitations, due process may require tolling of the limitations period if a petitioner seeks relief based upon newly discovered evidence of actual innocence. Harris, 301 S.W.3d at 145; Workman v. State, 41 S.W.3d 100, 101 (Tenn. 2001).

The record reflects that the Petitioner's writ of error coram nobis was filed on January 26, 2011, more than twenty years after the judgments of the trial court became final. The Petitioner has not established that there is any newly discovered evidence that was not known to the trial court at the time of his plea or that due process requires consideration of his untimely petition. We conclude that the Petitioner's motion was untimely and barred by Tennessee Code Annotated section 27-7-103 and that the Petitioner has not stated a proper claim for coram nobis relief.

The State's motion for a memorandum opinion is granted. The opinion provides no precedential value; the proceeding occurred before the trial court without a jury; the action was not a determination of guilt; the evidence does not preponderate against the trial court's findings; and no error of law is apparent on the record. See Tenn. Ct. Crim. App. R. 20(1)(a), (2). The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOSEPH M. TIPTON , PRESIDING JUDGE